IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 MAR 25 AM 11: 22
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CAROL NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: CV-03-S-0659-NE |
| ) | |
| SOUTHEAST WAFFLES, LLC ) | |
| d/b/a Waffle House, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant SouthEast Waffles, LLC d/b/a Waffle House answers the allegations of the Complaint as follows:

1. Defendant admits the allegations of paragraph 1.

2. Defendant admits that it operates a restaurant in Cullman, Alabama.

3. Defendant admits that subject matter jurisdiction is proper.

4. Defendant admits that venue is proper.

5. Defendant adopts and incorporates its answers to paragraphs 1 through 4 as if fully set forth herein.

6. Defendant admits that until her termination on September 2, 2002, admits that Plaintiff worked as an Associate for Defendant, admits that Plaintiff primarily served customers by waiting on tables, admits that at one period of time Plaintiff was a trainer, and denies the remaining allegations of paragraph 6.

7. Defendant admits that at the time of her termination from employment, Plaintiff was the oldest employee at Defendant's Cullman restaurant.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant admits that Plaintiff complained about alleged inappropriate conduct, admits that Plaintiff called Defendant's hotline, but denies the remaining allegations of paragraph 10.

11. Defendant admits that Plaintiff's employment was terminated on September 2, 2002 for her inappropriate and disrespectful conduct toward customers.

12. Defendant admits that no customers complained to management about any conduct of Plaintiff on October 1, 2002, admits that one of the customers to whom Plaintiff acted inappropriately and disrespectfully gave her a $20.00 tip, but denies the remaining allegations in paragraph 12.

13. Defendant is without sufficient knowledge as to the truth of the allegations of paragraph 13, and therefore denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant adopts and incorporates its answers to paragraphs 1 through 14 as if fully set forth herein.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20, and further denies that Plaintiff is entitled to any relief.

21. Defendant adopts and incorporates its answers to paragraphs 1 through 20 as if fully set forth herein.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25, and further denies that Plaintiff is entitled to any relief.

26. Defendant adopts and incorporates its answers to paragraphs 1 through 25 as if fully set forth herein.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30, and further denies that Plaintiff is entitled to any relief.

31. Defendant adopts and incorporates its answers to paragraphs 1 through 30 as if fully set forth herein.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37, and further denies that Plaintiff is entitled to any relief.

38. Defendant adopts and incorporates its answers to paragraphs 1 through 37 as if fully set forth herein.

39. Defendant admits the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42, and further denies that Plaintiff is entitled to any relief.

43. Defendant admits that some duties under the law exist to prevent harassment in the workplace, but denies the remaining allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46, and further denies that Plaintiff is entitled to any relief.

## Affirmative Defenses

1. The complaint fails to state a claim for which relief may be granted.

2. Plaintiff's claims are barred by the applicable statutes of limitations.

3. Defendant at all times acted in good faith and without discriminatory intent. Alternatively, Defendant's decisions and/or actions would have been undertaken even had the plaintiffs not been in the alleged protected status.

631934 1

4. On information and belief, Plaintiffs has failed to act reasonably to mitigate her damages.

5. Plaintiff is not entitled to punitive damages under the Age Discrimination Act.

6. The punitive damages claimed by Plaintiff violate the United States Constitution.

7. The punitive damages claimed by Plaintiff violate the excessive fines clause of the Eighth Amendment to the United States Constitution.

8. The punitive damages claimed by Plaintiff violate the due process claims of the Fourteenth Amendment to the United States Constitution.

9. The punitive damages claimed by Plaintiff violate the Constitution of Alabama, 1901, as amended.

10. The punitive damages claimed by Plaintiff are contrary to the due process of law guaranteed by Article 1 § 6 of the Constitution of Alabama, 1901 as amended.

11. Plaintiff's claims are barred by the doctrine of laches.

12. Any alleged discriminatory actions or decisions by Defendant's agents or its employees would have been contrary to Defendant's good faith efforts to comply with the law. Therefore, punitive damages cannot be awarded.

13. Plaintiff's claims for punitive damages are barred by Alabama Code § 6-11-20 or limited by § 6-11-21.

14. Defendant maintained a valid and effective equal employment opportunity policy that prohibited discrimination.

15. Defendant had no notice or knowledge, either actual or presumed, of any alleged employment-related unfitness with respect to any agents alleged to have acted unlawful.

631934 1

16. Defendant did not know about, accept, ratify or condone in any way any alleged unlawful conduct by any agent.

17. Some of Plaintiff's claims are barred because she was contributorily negligent.

18. Any alleged defamatory statements made by Defendant or its agents were truthful.

19. On information and belief, Plaintiff's claim(s) are barred by equitable or judicial estoppel.

20. One or more of Plaintiff's claims are barred by the exclusivity provision of the workmen's compensation statute.

21. Defendant denies all allegations not specifically admitted herein.

22. Defendant reserves the right to amend its Answer and add additional defenses to the extent such defenses are revealed during the discovery process.

*Douglas B. Kauffman*
One of the Attorneys for Defendant,
SouthEast Waffles, LLC
d/b/a Waffle House

OF COUNSEL:

Douglas B. Kauffman
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201
(205) 251-8100

631934 1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served on the following by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed on this 25th day of March, 2003.

S. Lynne Marie McKenzie
KNIGHT & GRIFFITH
Post Office Box 930
Cullman, Alabama 35056

*Douglas B. Kauffman*
OF COUNSEL

631934 1