UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 APR -7 AM 10: 21
U.S. DISTRICT COURT
 ALABAMA

| | |
|---|---|
| CAROL NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-03-S-659-NE |
| ) | |
| SOUTHEAST WAFFLES, L.L.C. ) | |
| d/b/a WAFFLE HOUSE, ) | |
| ) | |
| Defendant. ) | |

ENTERED
APR - 7 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**ORDER**

This action is before the court on defendant's motion for expedited discovery to determine the court's jurisdiction under 28 U.S.C. § 1332 (doc. no. 2). Plaintiff has responded to the motion, indicating that, on March 24, 2003, the same date defendant filed its notice of removal, she filed an amended complaint in state court adding Lacy Lemley, a citizen of Alabama, as a defendant.[1] While the record reflects that the notice of removal was filed in this court at 12:57 p.m. on March 24, 2003, plaintiff's amendment reflects only that it was filed on March 24, 2003. Defendant has submitted a copy of a listing of docket entries relating to the action filed in the Circuit Court of Cullman County. That listing reflects that the notice of removal was entered on March 27, 2003, at 1:49 p.m., and that the amendment adding Lacy Lemley as a defendant was entered on March 27, 2003, at 1:50 p.m. Accordingly, the court agrees with defendant that the amendment to the complaint in state court was ineffective as to the present action. Therefore, defendant's motion for expedited discovery is granted, and plaintiff is ordered to answer the interrogatory and request for admission appended to defendant's motion on or before April 15, 2003.

The court does not agree with defendant's alternative contention that this court has federal

---

[1]*See* doc. no. 5.

question jurisdiction based on Count V of plaintiff's complaint, which recites, in essence, that plaintiff is over the age of forty, and was treated differently, and ultimately was discharged, because of her age. Defendant contends that those allegations state a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 C.F.R. §§ 621-634. The Alabama statutory provision prohibiting age discrimination provides, in pertinent part, as follows:

> Any employment practice authorized by the federal Age Discrimination in Employment Act shall also be authorized by this article and the remedies, defenses, and statutes of limitations, under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act *except that a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article.*

Ala. Code § 25-1-29 (1975) (2000 Replacement Volume) (emphasis supplied). In contrast, a person asserting a claim under the ADEA must file a formal charge of discrimination with the Equal Employment Opportunity Commission prior to filing a civil action. *See* 29 U.S.C. § 626(d). Here, plaintiff has not alleged that she has fulfilled the administrative prerequisites to assert a claim based upon the ADEA. Therefore, Count V of her complaint must be construed as asserting a state law claim for unlawful age discrimination based upon Alabama Code § 25-1-29.

DONE this 7th day of April, 2003.

_____
United States District Judge

2